**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4488

TREMAINE F. PLUMMER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-353)

Submitted: March 30, 1999

Decided: April 29, 1999

Before ERVIN and TRAXLER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert E. Walker, Jr., Steven T. Harper, JOHNSON & WALKER,
P.C., Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Stephen W. Miller, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tremaine F. Plummer appeals his conviction and 300-month sentence for conspiracy to distribute crack cocaine, 21 U.S.C.A. § 846 (West Supp. 1998), and distribution of crack, 21 U.S.C.A. § 841 (West 1981 & Supp. 1998). Finding no error, we affirm.

I

In late 1994, Plummer became the target of a Drug Enforcement Administration (DEA) task force investigation of narcotics activity in the Richmond, Virginia area. Jotannun Lee, a large-scale narcotics trafficker who had engaged in prior drug dealings with Plummer, agreed to cooperate with authorities in their investigation of Plummer. As part of his cooperation, Lee contacted Plummer to negotiate the purchase from Plummer of one-half kilogram of crack cocaine.

At trial, the government introduced tapes of three telephone conversations and one face-to-face discussion between Plummer and Lee during which the men planned the sale to Lee of the drugs. Additionally, an audio-visual tape of the actual transaction on July 31, 1995, was introduced. During that transaction, Lee paid Plummer $6,000 for 247.1 grams of crack. Lee and the officer who monitored the conversations and transaction testified about them at trial. Additionally, several drug dealers with whom Plummer previously had conducted business testified. Haile Hopson admitted to selling significant amounts of crack to Plummer on numerous occasions. James Smith and Benjamin Boyd testified that Plummer had often sold them large amounts of crack for resale.

II

Plummer raises four challenges to his convictions. First, he contends that allowing the jury to listen to the tapes through headsets,

2

instead of playing the tapes for all in the courtroom to hear, violated his right to a public trial. Because the use of ear phones, headsets, and the like does not transform an otherwise public trial into a non-public one, see D'Aquino v. United States, 192 F.2d 338, 365 (9th Cir. 1951), we reject this contention.

Plummer also complains that the district court erred in permitting the jury to review transcripts of the tapes. Of particular concern to Plummer is the district court's failure to preview the transcripts before the jury used them. We note that the district court cautioned the jury that the transcripts were not evidence, that what the jurors heard--not what they read--constituted evidence in the case, and that the jurors were to ignore any inaudible parts of the tapes. Further, Plummer's attorney, who had access to the tapes and transcripts prior to trial, did not object to their accuracy before trial. Finally, both Lee and the officer who taped the conversations testified to the accuracy of the transcripts. Under these circumstances, we conclude that allowing the jury to review the transcripts was not an abuse of discretion. See United States v. Collazzo, 732 F.2d 1200, 1203 (4th Cir. 1984).

Plummer contends that his conviction cannot stand because the district court erred in denying his request for a jury instruction that he could not be convicted of conspiracy to distribute crack because Lee was acting as a government agent when he bought crack from Plummer on July 31. There was overwhelming testimony that Plummer engaged in significant drug deals with Boyd, Hopson, and Smith. Additionally, Lee testified about transactions with Plummer prior to July 31. Given the substantial evidence of Plummer's widespread drug dealing prior to July 31, the district court did not abuse its discretion in denying the requested instruction. See United States v. Stotts, 113 F.3d 493, 496 (4th Cir. 1997).

Finally, we find no merit to Plummer's claim, which he did not raise below, that it is a violation of 18 U.S.C.A.§ 201(c) (West Supp. 1998), for the United States to offer witnesses the chance of sentencing leniency in exchange for their testimony. See United States v. Singleton, 165 F.3d 1297, 1298 (10th Cir. 1999) (en banc).

III

Plummer's remaining arguments challenge his sentence. He first argues that the district court erred in sentencing him according to the

3

guidelines for crack, rather than powder, cocaine. Because there is direct evidence in the record that Plummer trafficked in crack cocaine, we reject this contention. Next, Plummer contends that the sentencing guidelines discriminate against blacks through different treatment of crack and powder cocaine. We have previously rejected this contention and that decision is controlling in this case. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). Finally, Plummer contends that the term cocaine base is void for vagueness. We also have rejected this contention in a decision that controls here. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997).

IV

We accordingly affirm Plummer's convictions and sentence. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4